IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES DEWAYNE CARVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:11CV160-SRW |
| ) | (WO) |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION**

Plaintiff James Dewayne Carver brings this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income under the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). (Doc. ## 8, 9). Upon review of the record and briefs submitted by the parties, the court concludes that the decision of the Commissioner is due to be reversed.

**BACKGROUND**

Plaintiff filed the present application for benefits on June 30, 2006 (protective filing date), when he was fifty-one years old, alleging disability since December 1, 2005, due to bilateral carpal tunnel syndrome and sciatic pain. He reported past work as a construction laborer between 1990 and 2005. (Exhibit 2D, 1E, 2E). Plaintiff thereafter worked loading

mattresses for Ikea, but stopped working again in June 2008. (R. 49). At an administrative hearing held on February 10, 2010, pursuant to a remand order from the Appeals Council, plaintiff amended his alleged onset date to June 23, 2008. (R. 47-48; see Exhibit 4A, remand order).

Evidence before the ALJ on remand included, *inter alia*: treatment records of emergency room visits on June 20, 2008, July 7, 2008 and July 14, 2008, for plaintiff's complaints of left low back pain radiating down his left leg; treatment notes for plaintiff's visits to a chiropractor, Dr. Weeks, between November 2008 and January 2009 for complaints of left low back and leg pain and bilateral arm pain; and an August 6, 2009, note from a neurologist, Dr. Dennis Becker, to Dr. Weeks reporting that a lumbar spine MRI performed two days earlier revealed "a bulging $L_5$ disc and a herniated $L_5S_1$ disc crowding the nerves in these areas." (Exhibits 9F, 10F, 12F). Dr. Becker concluded that plaintiff was "unable to perform heavy manual labor," but that he "could function in an office setting." (R. 496). Dr. Weeks completed a residual functional capacity assessment form on January 21, 2010, indicating his opinion that plaintiff can lift ten pounds frequently and twenty pounds occasionally, stand and/or walk "at least two hours in an 8-hour workday" and sit for a total of "less than about 6 hours in an 8-hour workday"; that his reaching is limited; and that he is limited as to pushing and pulling in his lower extremities. Dr. Weeks further concluded that plaintiff can climb ramps and stairs and can balance occasionally, but can never climb ladders, ropes or scaffolds, and can never stoop, kneel, crouch or crawl. (Exhibit

16F).  In a disability report submitted to the ALJ before the hearing, plaintiff indicated that he is "mostly confined to bed" due to severe pain in his buttock, leg and foot due to the bulging and herniated discs. (Exhibit 19E).  At the administrative hearing, plaintiff testified that he stopped working in June 2008 due to his back pain.  He stated that his carpal tunnel surgery in 2006 "really didn't repair [his] hands," which are still weak.  He indicated that his buttocks and "whole left side" is numb down to his foot, and that his pain is constant, of "at least a [level of] seven" on a scale of 1-10 on an average day.  He stated that he continues chiropractic treatment "about twice a month" for his conditions, but has not been admitted as an inpatient to the hospital.  Plaintiff testified that he does not do anything but lie in bed, and that he takes Lortab prescribed by Dr. Becker that provides him only slight and temporary pain relief.  (R. 48-53).[1]

The ALJ rendered a decision on April 1, 2010.  He found that plaintiff has "severe" impairments of "status post bilateral carpal tunnel release; sciatic nerve problems; sciatica with leg left radiculopathy; [and] cervical radiculopathy[.]" (R. 31).  He concluded that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of any of the impairments in the "listings" and, further, that plaintiff retained the residual functional capacity "to perform light work as defined in 20 CFR 416.967(b) except with mild postural limitations."  (Id.).  He determined that plaintiff is unable to perform his past relevant work as a laborer and furniture mover, but that there are

---

[1] Other medical evidence of records pertains to plaintiff's treatment in 2005 and 2006 for bilateral carpal tunnel syndrome and cervical pain with left radiculopathy.  (Exhibits 1F through 5F, 7F).

a significant number of jobs in the national economy that the plaintiff can perform. (R. 38). The ALJ concluded that plaintiff has not been under a disability as defined in the Social Security Act since June 30, 2006, his application filing date. (R. 39).

On November 17, 2010, the Appeals Council granted plaintiff's request for review. (R. 18-22). The Appeals Council admitted additional evidence into the record, including the August 4, 2009, MRI report; a December 2006 vocational testing report from Brevard Achievement Center; treatment records from plaintiff's August 24, 2009, visit to the emergency department of Flowers Hospital for acute sciatica and chronic low back pain; and treatment records evidencing additional chiropractic treatment through June 2010 (Exhibits 21F - 24F; R. 11). The Appeals Council issued its decision on January 20, 2011. (R. 5-11). It concluded that plaintiff became disabled on January 8, 2010, by virtue of his age and the RFC determined by the ALJ. For the period from the amended alleged onset date through January 8, 2010, the Appeals Council determined that the additional evidence submitted by the plaintiff "does not provide a basis for changing the Administrative Law Judge's decision" and it adopted "all of the Administrative Law Judge's findings at steps 1 through 5 of the sequential evaluation."

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145

(11th Cir. 1991). Substantial evidence consists of such "relevant evidence as a reasonable person would accept as adequate to support a conclusion." Cornelius, 936 F.2d at 1145. Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis, 985 F.2d at 531. If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. Cornelius, 936 F.2d at 1145-46.

## DISCUSSION

Plaintiff contends that the Commissioner's decision is due to be reversed because, *inter alia*, the ALJ's credibility determination is flawed.[2] In the Eleventh Circuit, a claimant's assertion of disability through testimony of pain or other subjective symptoms is evaluated pursuant to a three-part standard. "The pain standard requires '(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)(quoting Holt v.

---

[2] Plaintiff further argues that the ALJ erred by giving substantial weight to the opinion rendered by the non-examining state agency physician in November 2006, nineteen months before plaintiff's amended alleged onset date, and that the ALJ's RFC finding is not supported by substantial evidence. (Doc. # 12). Because the Commissioner's decision is due to be reversed for the ALJ's error (which was not corrected by the Appeals Council on review) in applying the law as to plaintiff's subjective complaints, the court does not reach plaintiff's remaining arguments. The court expects, however, that the Commissioner will consider these arguments on remand.

Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). If this standard is met, the ALJ must consider the testimony regarding the claimant's subjective symptoms. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992). Although the ALJ is required to consider the testimony, the ALJ is not required to accept the testimony as true; the ALJ may reject the claimant's subjective complaints. However, if the testimony is critical, the ALJ must articulate specific reasons for rejecting the testimony. Id.[3] "The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole." Dyer, *supra*, 395 F.3d at 1210 (citations and internal quotation marks omitted).

The ALJ concluded that the evidence in this case satisfies the requirements of the pain standard – *i.e.*, "that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms[.]" (R. 37). However, he found that plaintiff's

---

[3] Social Security Ruling 96-7p states:

> When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements. The finding on the credibility of the individual's statements cannot be based on an intangible or intuitive notion about an individual's credibility. The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision. It is not sufficient to make a conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, *and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight*.

SSR 96-7p, 61 Fed. Reg. 34483-01 (July 2, 1996)(emphasis added).

statements "concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the ... residual functional capacity assessment. The undersigned noted that claimant has a history of drug and alcohol abuse rehabilitation and claimant is ready to work." (Id.). Plaintiff argues that the ALJ's rationale is conclusory and fails to "provide sufficient explanation as to how Mr. Carver's complaints are not credible." (Doc. # 12, p. 13). The Commissioner responds that the ALJ "articulated reasons, supported by the record, for his credibility finding" and, therefore, that the ALJ's finding is entitled to deference. (Doc. # 13, p. 14).

To be legally sufficient, the reasons articulated by an ALJ for rejecting a claimant's pain testimony must be *both* adequate *and* supported by substantial evidence of record. See Kalishek v. Commissioner of Social Security, 2012 WL 1938991 (11th Cir. May 30, 2012)("[I]f the ALJ clearly articulates adequate reasons for its finding, and there is substantial supporting evidence in the record, we will not disturb the credibility finding on review.")(citing Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995)). In this case, the reasons stated by the ALJ for discounting plaintiff's pain testimony are inadequate. The ALJ observes "that claimant has a history of drug and alcohol abuse rehabilitation and claimant is ready to work." (R. 37). While the ALJ does not cite to any evidence at this point in his opinion, it appears that his stated reason may rest on the note written by Dr. Patel, the non-examining agency physician, at the end of her physical residual functional capacity assessment. On November 8, 2006, Dr. Patel wrote:

> Spoke to James ... @ Resurrection Ranch in Melbourne. ... James alleges pain

> and difficulty when doing anything with wrist and hands for long time. He still drives when and where he needs to, tends to personal hygiene unassisted, shares in cooking, cleaning, grounds maint[e]nance, etc.
>
> Jim (Administrator) gave me insight into purpose and daily life. R[e]surrection Ranch is Christian based rehab for alcohol/drug abuse. James and wife are expected to remain until they are strong enough morally/ethically to go out and find jobs .... Jim says James is super nice fella and is certainly doing his part around the facility both physically and in support of peers. James is expected to head out for job hunting by Thanksgiving.

(R. 425). For his stated reason that "claimant is ready to work[,]" the ALJ may – instead or in addition – have relied on the report prepared the following month by Timothy Seaman, a "Certified Vocational Evaluator" who assessed plaintiff over seven "work assessment days" between December 6, 2006, and December 19, 2006, at Brevard Achievement Center. Seaman wrote, "Overall, James displayed a good work ethic though he had limited physical tolerance. Throughout the work assessment he seemed to maintain high motivation to obtain disability compatible employment." (R. 531). The ALJ does not explain how plaintiff's "history of drug and alcohol abuse rehabilitation" in late 2006 – a year and a half before plaintiff's amended alleged onset date – undermines plaintiff's testimony of severe pain. Neither does he explain why the plaintiff's being "ready to work[,]" also before the period under consideration, warrants discounting plaintiff's pain testimony for the period under adjudication. While the reasons articulated by the ALJ have evidentiary support in the record, those reasons are not adequate to support the ALJ's credibility determination.

The Commissioner argues that "[t]he ALJ also considered the fact that the objective medical evidence did not support Plaintiff's alleged limitations *(Tr. 32-37)*. The

Commissioner notes, by way of example, that "despite Plaintiff's complaints of debilitating pain, he had no motor or sensory deficits and had normal joint range of motion (Tr. 435)" and, also, that "no acceptable medical source ever opined that Plaintiff was disabled." (Doc. # 13, p. 14)(emphasis added). The six pages cited by the Commissioner (R.32-37) begin with the ALJ's general statement that, in making his RFC finding, he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 416.929 and SSRs 96-4p and 96-7p." (R. 32).  The ALJ then describes the steps of the analysis he must perform in evaluating the claimant's subjective symptoms. (Id.).  The ALJ next summarizes the content of plaintiff's disability report and the medical evidence of record, without any analysis of that evidence. (R. 32-37).  The ALJ concludes his RFC discussion by assigning weight to the medical opinions, making his credibility finding with the reasons quoted above, and stating that "the above residual functional capacity assessment is supported by Sunita Patel, M.D. in Exhibit 8F, the report of Dr. Becker in Exhibit 13F, and the opinion of the vocational expert."

  Nowhere in this discussion does the ALJ point to specific evidence of record and explain how that specific evidence impeaches the plaintiff's pain testimony.  The reasons stated by the Commissioner in his brief before this court – *i.e.*, that no acceptable medical source has "ever opined that Plaintiff was disabled" and that plaintiff "had no motor or sensory deficits and had normal joint range of motion" on examination on July 7, 2008 (Commissioner's brief, Doc. # 13, p. 14, citing "Tr. 435") – are not reasons stated by the

9

ALJ.  In fact, in summarizing the July 7, 2008, treatment record, the ALJ says only that:

> On July 7, 2008, claimant was admitted to the Emergency Room, Flowers Hospital, in Dothan, Alabama.  Claimant was admitted with complaints of left side hip pain times six weeks. Lower extremity numbness and decreased sensation was noted.  Medications were Flexeril-10-mg and Aleve.  X-rays of the lumbar spine showed sclerosis in region right L5 pedicle Pelvis and there was no acute fracture noted. Claimant was diagnosed with acute low back pain and radiculopathy at page 10 of Exhibit 9F.

(R. 34).  On review, the Appeals Council adopted the ALJ's findings for the relevant period of June 23, 2008 through January 8, 2010, but did not adopt his rationale expressly.  (R. 5-11).[4]  However, while the Appeals Council found that "[p]rior to January 8, 2010, the claimant's subjective complaints were not fully credible to the extent that they are inconsistent with the residual functional capacity contained in the hearing decision" (R. 9, Finding No. 4), it articulated no reason for its credibility finding.  The ALJ and the Appeals Council might well have been able to articulate adequate reasons, supported by substantial evidence, for discounting plaintiff's testimony based on the evidentiary record before them. However, they failed to do so. This action must, accordingly, be remanded to the Commissioner so that he may assess plaintiff's credibility in accordance with the Eleventh

---

[4] The Appeals Council indicates in its decision that it adopts "the Administrative Law Judge's statements regarding the pertinent provisions of the Social Security Act, Social Security Administration Regulations, Social Security Rulings and Acquiescence Rules, the issues in the case, and the evidentiary facts, as applicable" (R. 5) and, for the period of June 23, 2008 through January 7, 2010, "all of the Administrative Law Judge's findings at steps 1 through 5 of the sequential evaluation; namely, that the claimant has not engaged in substantial gainful activity since his alleged onset date; that he has 'severe' impairments that do not meet or medically equal in severity an impairment in the Listing of Impairments, and that he was unable to perform any past relevant work but remained capable of making a successful adjustment to other work that existed in significant numbers in the national economy" (R. 5, 7).

Circuit pain standard and Social Security Ruling 96-7p.[5]

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is due to be REVERSED, and this action REMANDED to the Commissioner for further administrative proceedings.

DONE, this 17th day of September, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff argues that the ALJ's failure to articulate adequate reasons for discrediting pain testimony "'mandates that the testimony, as a matter of law, be accepted as true'" and, therefore, that this action should be remanded for an award of benefits. (Doc. # 12, p. 13)(quoting Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988)). However, remand to the Commissioner for further evaluation of plaintiff's claim is the proper course of action. See Carpenter v. Astrue, 2011 WL 767652 (M.D. Fla. Feb. 25, 2011)(earlier Eleventh Circuit precedent than Cannon "holds that, if a credibility determination is inadequate, a remand to the agency for further consideration is the proper remedy"); cf. Lawton v. Commissioner of Social Security, 431 Fed. Appx. 830, 835 (11th Cir. 2011)(holding that remand to the agency for further evaluation, not award of benefits, was proper remedy for ALJ's failure to articulate reasons for the weight he accorded to treating and examining physicians' opinions, stating, "There is language in MacGregor v. Bowen, 786 F.2d 1050 (11th Cir. 1986), for the proposition that, if an ALJ fails clearly to articulate reasons for discounting the opinion of a treating physician, that evidence must be accepted as true as a matter of law. However, our earlier decisions had remanded cases to the agency when there was a failure to provide an adequate credibility determination.").