IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES DEWAYNE CARVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:11CV160-SRW |
| ) | (WO) |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

In this Social Security appeal, the court entered judgment reversing the decision of the Commissioner and remanding this case for further administrative proceedings. This action is presently before the court on plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. # 17). Under the EAJA, the court is required to award attorney's fees to the prevailing plaintiff in a Social Security appeal "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). See also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). The Commissioner objects to any award of fees, arguing that her position was "substantially justified." (Doc. # 20).

"The government's position is substantially justified under the EAJA when it is 'justified to a degree that would satisfy a reasonable person' – *i.e.*, when it has a reasonable basis in both law and fact." United States v. Douglas, 55 F.3d 584, 588 (11th Cir. 1995) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "The government bears the

burden of showing that its position was substantially justified." U.S. v. Jones, 125 F.3d 1418, 1425 (11th Cir. 1997)(citation omitted); see also U.S. v. Aisenberg, 358 F.3d 1327, 1339 n. 18 (11th Cir. 2004)(observing that 28 U.S.C. § 2412(d) "also contains this burden of proof: the United States must show that its position was 'substantially justified or that special circumstances make an award unjust,' when defending an application for attorney's fees."). In this case, the reasons stated ALJ for rejecting plaintiff's subjective pain testimony were inadequate. In rejecting plaintiff's credibility, the ALJ stated, "The undersigned noted that claimant has a history of drug and alcohol abuse rehabilitation and claimant is ready to work." (R. 37). He cited no specific evidence, and the evidence the court located in the record that may have been the basis for the ALJ's credibility determination pertained to a time period a year and a half before plaintiff's alleged onset date. On review, the Appeals Council also rejected plaintiff's subjective complaints, but gave no reason for its credibility finding. (R. 9). Before this court, the Commissioner advanced *post hoc* reasons – not stated by either the ALJ or the Appeals Council – for the adverse credibility determination. (Doc. # 13, p. 14). The court concludes that the Commissioner's position lacked substantial justification, both at the administrative level and on appeal to this court.

Absent a substantial justification for the government's position,[1] the plaintiff is

---

[1] The position which must be substantially justified to avoid an award of EAJA fees includes, "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. 2412(d)(2)(D); see also Commissioner, I.N.S. v. Jean, 496 U.S. 154, 159 (1990)("position" of the United States "may encompass both the agency's prelitigation conduct and the Department of Justice's subsequent litigation positions"). The Commissioner has not established that her position was substantially justified at the hearing decision, the Appeals Council review or before this court; to carry her burden in opposing the present motion, she had to demonstrate a reasonable basis in fact

entitled to an award of fees under the EAJA. The plaintiff seeks fees in the total amount of $3,909.53. The Commissioner does not challenge any of the hours expended by counsel as unreasonable nor does she challenge the hourly rate. The court concludes that the time expended by plaintiff's counsel is reasonable.

Upon consideration of the motion, and for good cause, it is

ORDERED that the motion for attorney's fees (Doc. # 17) is GRANTED to the extent that plaintiff is AWARDED fees in the total amount of $3,884.30.[2]

DONE, this 4th day of October, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

and law at all of these stages of the proceedings.

[2] Plaintiff seeks fees for: (1) 18.8 hours of work in 2011 at the hourly rate of $180.59; (2) 1.8 hours of work in 2012 at the rate of $183.73, and (3) 1 hour of work expended in replying to the Commissioner's objection to his EAJA petition at the rate of $183.73. (Doc. ##18, 23). Taking judicial notice of the CPI-U "All Items Index" for the South census region, the court calculates the appropriate hourly rates to be $179.31 per hour for 2011, $183.11 per hour for 2012, and $ 183.67 per hour for time expended in January 2013.